U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

AUG 2 3 2007

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DERECK S. REMEDIES** | : | **DOCKET NO. 2:06 CV 1239** |
| **VS.** | : | **JUDGE MINALDI** |
| **PERFORMANCE CONTRACTORS, INC., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## MEMORANDUM RULING

On April 19, 2007, a Judgment was rendered granting summary judgment to Performance Contractors. That Judgment gave notice that the court would consider *sua sponte* whether a summary judgment should also be entered in favor of Preferred Benefit Administrators, Inc. ("Preferred"). The parties were given 15 days from the date of the Judgment to file briefs addressing the issue of exhaustion. No briefs were filed.

Facts

This suit concerns a dispute between Dereck S. Remedies and his past employer and its claims administrator regarding healthcare insurance coverage for the month of July 2005, during which time Remedies had hernia surgery.

Prior to the termination of his employment with Performance on July 7, 2005, Remedies was covered by the Performance Contractors Health Benefit Plan ("the Plan"), administered by Preferred Benefit Administrators, Inc. ("Preferred").[1] On July 25, 2005, Remedies had surgery to repair a

---

[1] Performance's Ex. E ¶ 5.

hernia.[2] Remedies also incurred preoperative medical expenses during the month of July.[3]

By letter dated August 8, 2005, Performance's Benefits Department informed Remedies that he was required to remit the remainder of his health insurance contributions for the month of July in order to prevent a loss of coverage effective July 1, 2005.[4] The letter also informed Remedies that if coverage was terminated he would be refunded any previously deducted payroll contributions for the month of July.[5]

On August 16, 2005, after Remedies failed to pay timely for continuing coverage, Performance requested that Preferred cancel coverage due to termination of employment.[6] On August 25, 2005, Performance issued a check in the amount of $31.74 to reimburse Remedies for his previous payroll contributions for the month of July.[7] Preferred also denied all of Remedies's healthcare claims for July 2005.[8]

On July 5, 2006 Remedies filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana. Remedies alleges that the Performance policy provides that coverage is to terminate on the last day of the month in which employment terminates.[9] As such, Remedies asserts

---

[2]  Pet. ¶ 5; Def.'s Ex. B(E).

[3]  Performance's Ex. B(E).

[4]  Performance's Ex. E(A).

[5]  *Id.*

[6]  Performance's Ex. B(A).

[7]  Performance's Ex. E(C) (Ex. 1 to Performance's Motion to Substitute Exhibit [doc. 24]). The check was allegedly cashed by Remedies in early September.

[8]  Performance's Ex. B(E).

[9]  Pet. ¶ 3.

that Performance and Preferred are liable for medical expenses he incurred in July 2005.

This action was removed to federal court on the grounds that Remedies's claims are preempted by the Employee Retirement Security Act ("ERISA" or "the Act"), 29 U.S.C. § 1001, *et seq.*, and now comes before the court on the instant motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law.[10] When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[11] A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden.[12]

Once the movant has shown the absence of material factual issues, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is

---

[10] FED.R.CIV.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986); *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57 (1986).

[11] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied, 506 U.S. 825, 113 S.Ct. 82 (1992).

[12] *See Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

a genuine issue for trial.[13] The Court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment.[14] However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings.[15]

## ANALYSIS

Prior to the termination of his employment with Performance on July 7, 2005, Remedies was covered by the Performance Contractors Health Benefit Plan ("the Plan"), administered by Preferred Benefit Administrators, Inc. ("Preferred").[16] Summary judgment on the issue of exhaustion of administrative remedies has been granted in favor of Performance. The issue now before the court is whether Preferred is also entitled to summary judgment. The court specifically adopts and incorporates the reasoning of the April 24, 2007, Memorandum Ruling herein.

The record is clear that the plaintiff failed to exhaust available administrative remedies after the denial of his July 2005 medical claims. The Plan provides for a claims review procedure. Remedies did not take advantage of the claims review procedure.

The Plan outlines the claims review procedure.[17] Pursuant to the Plan, a claimant has 60 days

---

[13] FED.R.CIV.P. 56(e); *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

[14] *Eastman Kodak v. Image Technical Services,* 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077 (1992); *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

[15] FED.R.CIV.P. 56(e); *see also Topalian,* 954 F.2d at 1131.

[16] Performance's Ex. E ¶ 5;

[17] Performance's Ex. A.

from the claim payment date or the date of the notification of denial to appeal a denial of benefits.[18] Additionally, each Explanation of Benefits (EOB) form notifying Remedies of a denied claim states that "AN APPEAL MUST BE SUBMITTED IN WRITING WITHIN 180 DAYS FROM RECEIPT OF THIS EXPLANATION OF BENEFITS."[19]

Remedies did not appeal the denial of his medical claims. Preferred sent Remedies six EOBs dated August 14-August 29, 2005.[20] The EOBs all clearly indicated that coverage was denied because the charges were incurred after the termination date.[21] The EOBs also notified Remedies that he was required to appeal within 180 days.[22] Moreover, by letter dated August 17, 2005, Preferred informed Remedies that he was eligible for continuing coverage under COBRA.[23] According to Performance's benefits administrator, COBRA coverage would have been effective July 1, 2005.[24]

Remedies took no action toward payment of his medical claims until he filed suit nearly a year later. Allowing Remedies to avail himself of district court review after having made no attempt to resolve coverage through administrative channels would run contrary to the very purpose of the

---

[18] *Id.*

[19] Performance's Ex. B(E). It is immaterial that the Plan's 60-day period and the 180-day period given in the EOB do not jibe.

[20] Performance's Ex. B(E).

[21] *Id.*

[22] *Id.*

[23] Performance's Exs. B(C) & B(D).

[24] Performance's Ex. E ¶ 6 (Verrett Aff.)..

exhaustion doctrine.[25]

## CONCLUSION

There is no genuine issue of material fact that the plaintiff did not exhaust his administrative remedies. Accordingly, summary judgment in favor of Preferred will be granted.

Lake Charles, Louisiana, this ____22__day of August, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[25] *See Denton*, 765 F.2d at 1300 (noting that the exhaustion requirement "is necessary to keep from turning every ERISA action, literally, into a federal case."); *Amato*, 618 F.2d at 567 (finding that the purpose of an administrative claim-resolution procedures is "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.").